NELLIE F. BLIVEN, Respondent, *v.* MARGARET V. LIGHTHOUSE et al., as Executors of JOHN C. LIGHTHOUSE, Deceased, Appellants.

**Brokers — commissions — agreement by broker to sell letters patent for cash and to receive an agreed amount as commission when cash is paid to owner; sale for part cash, balance to be paid upon performance of certain conditions — when broker not entitled to commission until whole of purchase price is paid.**

An agreement between the owner of letters patent and a broker provided that the broker would endeavor to sell the letters patent for a specified sum in cash of which the broker was to receive one-third as his commission as soon as the sale was made and the money delivered to the owner. The complaint in this action to recover the commission alleges that the broker secured purchasers for the letters patent for one-third down and two-thirds to be paid at a future time upon the performance of certain conditions, that the owners assigned the letters patent and accepted the one-third payment and thereby waived the provision of the agreement for payment of the whole price in cash. Under the agreement the broker's right to the commission was dependent upon the payment of the whole price and no waiver of modification of the contract in this regard has been shown. The plaintiff cannot recover since it appears that, although the commission has been earned, it is not due.

*Bliven* v. *Lighthouse*, 193 App. Div. 925, reversed.

(Argued March 23, 1921; decided April 19, 1921.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department entered July 14, 1920, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

*Sardius D. Bentley* for appellants.   There was no evidence in the case which would warrant the court or a jury to find as a fact that the contract of January was modified and amended by the sale alleged to have been made in May.  (*Kingsland Land Co.* v. *Newman,* 36 N. Y. Supp. 960; *Hirch* v. *Am. D. Tel. Co.,* 90 N. Y. Supp. 2104.)

*Eugene C. Denton* for respondent.   Defendants' testator by approving the sale under the contract of May twenty-second, became obligated to pay the commission specified in the contract of January seventeenth.  (*Gilder* v. *Davis,* 137 N. Y. 504; *Colvin* v. *Post M. & L. Co.,* 225 N. Y. 510.)   The court properly directed a verdict in favor of the plaintiff.  (*Kavanagh* v. *Wilson,* 70 N. Y. 177.)

POUND, J.   This is an action to recover $1,000 on the following agreement between plaintiff's husband and assignor, and defendants' testator:

" This agreement made on this 17th day of January, 1907, by and between John C. Lighthouse * * * of the first part and Eugene S. Bliven * * * of the second part, have entered into an agreement to sell a certain mail bag known as the John C. Lighthouse Patent, Patented Dec. 13th, 1904, No. 777214.

" Now therefore, it is further agreed that the party of the second part is to use all of his ability and without delay in making the sale and is to deliver to the said J. C. Lighthouse, the sum of Three Thousand Dollars in cash, of which E. S. Bliven is to receive One Thousand Dollars as his commission as soon as the sale is made, and the money is delivered into the hands of J. C. Lighthouse.

" Witness our hands this 17th day of January, 1907.

          " J. C. LIGHTHOUSE     [L. s.]
          " EUGENE S. BLIVEN     [L. s.]"

The complaint alleges in substance that soon after making this agreement Bliven secured purchasers, including himself, of the letters patent, for $1,000 down and $2,000 to be paid at some future date on the performance of further conditions by Lighthouse and that Lighthouse, by assigning the letters patent to such purchasers, accepting the $1,000 payment, and postponing the $2,000 payment, no part of which has been paid, waived the provisions of the agreement for payment of $3,000 in cash. Plaintiff thereupon demands payment of $1,000, less a credit of $100, alleging that Bliven thus fully performed the contract on his part and that he became presently entitled to his full compensation.

The learned trial justice directed a verdict for the plaintiff on the ground that although Bliven did not sell the patent for $3,000 cash, he obtained a purchaser on other terms which Lighthouse accepted, and thus not only earned his fee of $1,000 but was entitled to recover that amount.

A broker employed to negotiate a sale is entitled to his fees although he procures a purchaser on different terms from those prescribed in his contract, so long as the principal ratifies the contract as made. (*Gilder* v. *Davis*, 137 N. Y. 504.) The evidence indicates that Lighthouse recognized Bliven as the procuring cause of the contract of sale and refused to pay him his fee of $1,000 only because the $3,000 had not been paid. The trouble is that although Bliven has earned his commission, its payment is not due.

He was content in the first place to agree that he should not be paid until the full amount of the purchase money was delivered to Lighthouse. His right to recover was dependent upon the payment of $3,000. That was the result clearly indicated and no waiver or modification of the contract in this regard was shown. As ANDREWS, J., said in *Colvin* v. *Post Mortgage & Land Co.* (225 N. Y. 510, 517): "No collections, no commissions has a

fair business appeal to both seller and broker." No suggestion appears on the record that Bliven assumed or had a right to assume that under the contract of sale he was to take the first $1,000 paid, and every dollar as yet paid to his employer, as his compensation for securing a purchaser not for cash down but on time. He was to be paid $1,000 out of $3,000 cash when received; otherwise he was to receive nothing on the contract plaintiff has sued upon.

The plaintiff failed to make out a cause of action and defendants' motion for a nonsuit should have been granted.

The judgments should be reversed and the complaint dismissed, with costs in all courts.

HOGAN, CARDOZO, CRANE and ANDREWS, JJ., concur; HISCOCK, Ch. J., and CHASE, J., dissent from dismissal of complaint and vote for a new trial.

Judgments reversed, etc.