The bill is by a stockholder in behalf of Alma Park, Incorporated, to set aside a conveyance executed in the name of the company, under its corporate seal, by its president and a fictitious secretary, without the authority of the board of directors, its knowledge or acquiescence. The company was formed in 1912 to take over five parcels forming a tract of two hundred and forty-four acres of pine land in Ocean county, then owned by Frederick R. Knopf. At the time of the execution of the disputed deed, Frederick R. Knopf owned forty-five, his father, Richard Knopf, thirty, and his brother, Charles, the complainant, twenty-five of the one hundred outstanding shares of the company, and the three constituted the board of directors from 1915 on. Frederick *Page 300 
R. Knopf was president, the complainant secretary. The company's only quarters since then were in the complainant's office in Newark. Part of the tract of land had been laid out in streets, blocks and lots, on paper, by Frederick R. Knopf before he conveyed to the company, and he had sold one hundred and twenty-four of the lots per the map of record. After the company took title he sold a few more, and then the enterprise collapsed. In 1925 Frederick R. Knopf, as president, with the aid of one Herman, as secretary, a stranger to the company and the office, executed in the name of the company a deed for the five tracts to the United States Land and Development Company, Incorporated. Knopf took back a purchase-money mortgage for $7,500 in the name of the company, and shortly afterwards sold and assigned it, pocketing the proceeds. The bill was filed promptly upon the discovery of the fraud in 1928. The United States Land and Development Company conveyed the lands in parcels severally to five of the defendants, two of whom, the Bopad Land and Development Company and Rosenblatt, answered the bill. Their conveyances were in exchange for real estate. The Bopad company conveyed to two additional defendants, who have defaulted. There is nothing in the case of acquiescence or ratification by the board of directors, nor of conduct to estop the company. There are no equities in favor of the defendants to which the company is called upon to respond. The execution of the deed was a simple case of fraud by the president, in which the board of directors and stockholders had no part.
The management of corporate affairs is committed by law to the directors assembled in board meeting, and it is established that the president of a corporation has no more authority over its property than any other director. Titus and Scudder v. CairoRailroad Co., 37 N.J. Law 98; Stokes v. New Jersey Pottery Co.,46 N.J. Law 237; Thomson v. Central Passenger Railway Co.,80 N.J. Law 328; Holcombe v. Trenton White City Co., 80 N.J. Eq. 122; Economy Auto Co. v. Fidelity Union Trust Co.,105 N.J. Law 206. If he is put in charge of the company's affairs, he may bind it by contract *Page 301 
in the usual course of business, as any other agent may, acting within the scope of his authority; and so the president of a company engaged in a real estate development may be deemed to be clothed with authority to sell lots, for that is its business, but not the tract as a unit; that is not company business. It is debatable whether the directors could convey the tract as a unit without the consent of the stockholders, if it would result in terminating the company's activities. Meyerhoff v. BankersSecurity, Inc., 105 N.J. Eq. 76.
Corporations are sometimes deemed to have ratified unauthorized acts and to be estopped if they retain the proceeds, and the doctrine is invoked by the defendants because the grantee in the disputed deed executed a purchase-money mortgage for $7,500 to the company. This was without the authority or knowledge of the board of directors, as was the cashing and assigning of the mortgage and appropriating of the proceeds by the president, and in no way implicates the company. There cannot be ratification without knowledge.
The deed is a nullity. The rule of caveat emptor obtains. The first taker under the disputed deed took with notice that it was dealing with an agent and was bound to verify his authority at its peril. 27 R.C.L. 668 et seq. It was also put on notice by the sale of the tract as a unit, the tract having been previously laid out in building lots by a recorded map. Subsequent purchasers were likewise put upon inquiry by the record.
The special equity of innocent purchaser for value, set up by the defendants, cannot prevail against the legal title of the company. 27 R.C.L. 673. The innocence and good faith of a subsequent purchaser of an invalid title cannot supplant the legal title. Vattier v. Hinde, 7 Pet. 252; Lindblom v.Rocks, 146 Fed. Rep. 660.
Complainant is entitled to a decree. *Page 302