Fred Wolf Millwrighting and Machine Company was a one-man concern controlled by Fred Wolf. He and his wife each held four hundred and thirty-two shares of the capital stock and employes held forty-five shares. He, his wife and some of the employes formed the board of directors. Without consulting them, Wolf, in the name of the company, made an assignment of all the corporate property for the benefit of creditors to the Credit Men's Adjustment and Interchange Bureau. The assignee converted the property into cash, paid the creditors in full and has a small balance on hand. The bill was filed by some of the stockholders and the company to set aside the assignment and for an accounting and also to set aside a deed made by Wolf and his wife to Laurence P. Dixon Corporation for the land on which the company's plant was located, said to belong to the company, and held in the name of Wolf.
Wolf, of course, had not the power to assign all the assets of the corporation, thereby ending its activities, without the sanction of all the stockholders. Knopf v. Alma Park, Inc.,105 N.J. Eq. 299; Bingham v. Savings Investment and Trust Co.,101 N.J. Eq. 413. But in his presumption all the stockholders but one, holding eight shares, acquiesced. They knew what he had done and submitted, and the assignee in good faith acted accordingly in the belief, as Wolf represented, that he had the authority. The stockholders who permitted the sale of the assets without protest cannot now be heard to complain. They are estopped. Central Railroad v. MacCartney, 68 N.J. Law 165. As to the non-assenting stockholder, the assignee and the purchaser acted at their peril. As to him they were charged in law with notice of Wolf's lack of authority. The assignee was in duty bound to inquire further than Wolf's word for his alleged authority. The purchaser had a like duty knowing that it was corporate property the assignee was selling. Regardless of thebona fides of the assignee's sale, they will be decreed to account for the reasonable value of the property, less the sum realized at the sale, to the extent of the non-assenting *Page 474 
stockholder's interest, eight nine hundred and nine hundredths of the capital stock. Polhemus v. Holland Trust Co., 61 N.J. Eq. 654.
The personal property was sold seemingly for such an inconsequential sum, compared to the book value, as to indicate that the sale, though at public auction, was not fairly conducted and to create an inference of fraud. The trial concerned itself principally with the main issue, as to the legality of the assignment; the fairness of its execution was lightly touched on and is obscure. There may be further testimony. Holcombe v.Trenton White City Co., 80 N.J. Eq. 122.
Concerning the measure of duty and accountability, the assignment, though for the benefit of the creditors generally, was not recorded nor executed under the protection of the General Assignment act. Had it been, the measure of duty would have been reasonable care. It is a common-law non-statutory assignment with power to transmit title, though vulnerable to attack by creditors. As such the assignee will be held to a strict accountability.
The sale of the real estate is not open to the same criticism as the sale of the personal property. The price more nearly approximated the value. The title was in Wolf. It may have belonged to the company, but of that there is no proof except a statement made by Wolf to the attorney of the assignee. That it is a fact is not established. He owned the property at the time he organized the company. It may have been his intention to convey it to the company. Whether there was an obligation to convey, fathering the intention, does not appear. As ostensible owner he conveyed to the purchaser, one of the defendants, after it had been struck off at a price which at least to him must have been satisfactory. There is nothing of evidence to show that the purchaser knew other than that Wolf was the owner and nothing to show that he did not purchase in good faith. The prayer to set aside the deed will be denied.
The matter may be referred to a master. *Page 475