## TABENHOUSE v. INTERNATIONAL OXYGEN CO.

### No. 181.

Circuit Court of Appeals, Second Circuit.

Feb. 1, 1932.

David A. Buckley, Jr., of New York City (Harold G. Aron, and Francis L. Field, both of New York City, of counsel), for appellant.

Hays, St. John, Abramson & Schulman, of New York City (John Schulman and Oscar Stabiner, both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

The single question here is as to the sufficiency of the complaint, coupled with the bill of particulars. The complaint alleged that the defendant employed the plaintiff to procure a purchaser for its business, and "represented" (to whom does not appear) that for the year 1926 it would show a profit of 15 per cent. upon a million dollars, the purchase price. The plaintiff procured one Rose, who was able and willing to accept on these terms, but who in March, 1927, refused to complete, because the books did not show the profit "represented." The bill of particulars alleged that the employment was in June, 1926, that the representation was made at the office of Rose on December 21, 1926 (to whom again does not appear), and that in "the month of December, 1926," the plaintiff procured Rose to buy, provided the condition was performed.

It is consistent with all this that the defendant employed the plaintiff in June to sell the business, then making no representation to him as to its earning power, and that on December 21st it told him that its books would show a profit of 15 per cent. This representation might have been made to the plaintiff before he procured Rose, since, for all that appears, he may have got him during the last ten days of the month. Though the representation was made at Rose's office, it may have been made to the plaintiff alone, or to Rose and the plaintiff together, before the plaintiff had persuaded Rose to accept. If so, the representation was a modification of the terms of the plaintiff's original employment, and, when he later procured Rose, he accepted the new offer and performed. He had earned his commission, though Rose refused to complete because the business did not show the profit. We do not mean to intimate that the plaintiff could not recover, had he procured Rose upon Rose's condition without any preliminary change in the offer and thereafter got the defendant to accept the change. McMillin v. Beves, 147 F. 218 (C. C. A. 2); Blake v. Perrin, 242 F. 54, 57 (C. C.

A. 2); Bliven v. Lighthouse, 231 N. Y. 64, 131 N. E. 570. As to that we say nothing; we decide the cause on the pleadings as they stand, leaving the law open as the evidence may develop.

Finally, it is no objection that, as the bill of particulars alleges, "the sale price and the method and manner of payment was to be as approved by the defendant." "Sale price" does not mean that the price was to be other than one million dollars; the complaint is not so readily superseded. The defendant might employ the plaintiff, though the "method and manner of payment" was left to its approval. If it did approve in those particulars, the broker had performed; and it is alleged that Rose and the defendant came to an accord.

Judgment reversed; cause remanded for trial.