The proofs in this case show that the moneys in question belong to the complainant. The complainant's board of directors, by resolution regularly adopted, designated the Commercial Trust Company of New Jersey (Mercantile Branch) as the depository of its funds and provided that withdrawals therefrom should be by check of the corporation signed by any two of its officers. It had but three officers, Charles L. O'Reilly, president, Louis Geller, treasurer, and A. Kompel, secretary. In October, 1932, Treasurer Geller was ill and confined in a hospital in Brooklyn, New York. Secretary Kompel was in the State of California. In this situation moneys could not be withdrawn from the aforesaid depository for payment of the operating expenses of complainant's business, and, because thereof, the president endeavored to arrange with the depository whereby during the illness of Treasurer Geller and the absence of Secretary Kompel in California the daily receipts of complainant's business be deposited in a separate account to be known as "Palace Theatre — Special," but the proposed arrangement was not regarded as practicable by the officers of said depository. An account was then opened in the individual name of complainant's president, Charles L. O'Reilly. On October 13th, 1932, when said O'Reilly's account was opened, and simultaneous therewith, a letter was addressed to and lodged with said depository which reads as follows: *Page 191 
"Enclosed you will find two cards with signatures as requested for account opened in my name, with moneys deposited in this account and moneys belonging to the GOK Enterprises, Inc., for the Palace Theatre, 174 Newark Avenue, Jersey City. You are authorized by the undersigned to turn all moneys over to the GOK Enterprises, Inc., in case of death or the incapacity of the writer. Just as soon as Mr. Kompel returns from the coast or our treasurer, Mr. Geller, is again able to sign checks, I will turn this account over to the GOK Enterprises. Thanking you for your co-operation in this matter, I beg to remain,
 Very truly yours, CHAS. L. O'REILLY, Pres. GOK Enterprises, Inc."
From October 11th, 1932, until December 19th, 1932, the daily receipts of complainant's "Palace Theatre" in Jersey City were deposited in said O'Reilly account by Jack A. Fein, assistant manager and house treasurer of said theatre. A record thereof was kept by Fein. A report of receipts so deposited was forwarded by Fein daily to complainant's New York office. The entries in a passbook relating to said O'Reilly account correspond with Fein's record of daily deposits. All operating expenses of said theatre were paid from said account by checks signed by O'Reilly which were stamped Palace Theatre Account. In December, 1932, a writ of attachment issued out of the Hudson county circuit court at the suit of Henry Moos, assignee, against Charles L. O'Reilly, and thereunder, complainant's moneys deposited in the aforesaid O'Reilly account were attached by the sheriff of the county of Hudson as the property of O'Reilly. Subsequently a notice of claim of property signed by complainant's treasurer, Geller, was filed with said sheriff and divers proceedings were thereafter had with respect thereto as a result of which it is claimed by the defendant Moos that ownership of said moneys was determined by a sheriff's jury to be vested in the judgment debtor named in said attachment suit. O'Reilly testified herein as to the circumstances above mentioned whereby complainant's moneys were deposited in his name with the aforesaid banking institution, and disclaimed any personal interest therein or property right thereto. Fein testified as to the complainant's inability to withdraw moneys *Page 192 
from its account with its aforesaid depository and corroborated O'Reilly as to the reasons therefor. He testified also to the opening of the O'Reilly account with said depository to facilitate the operation of complainant's aforesaid theatre, of deposits by him of the theatre receipts in said O'Reilly account, and as to payment of the operating expenses of the theatre therefrom. Fein's record of deposits in said account tallies with the passbook record thereof. His first deposit in the O'Reilly account was on October 11th, 1932, being theatre receipts for October 8th, 9th and 10th. His testimony shows that all moneys deposited in said O'Reilly account were receipts of complainant's "Palace Theatre." His daily report to complainant's New York office of receipts from the aforesaid theatre, and his deposit of such receipts in the aforesaid O'Reilly account, correspond with bank deposit slips made out by him, and with the bank passbook also. The proofs show that expenses for operation of said theatre were paid from said account. The proofs show also that when Treasurer Geller was discharged from the hospital in which he had been confined, and Secretary Kompel returned from California, they resumed signing checks, as was their custom when attending to complainant's business affairs, for withdrawal of moneys from the corporation's account with its aforesaid depository, and the receipts of its theatre were thereafter deposited in its proper account. Complainant's president, Charles L. O'Reilly, was unauthorized to resort to the procedure indicated hereinabove whereby complainant's moneys were diverted from complainant's bank account in which they should have been deposited to the separate bank account opened by him as aforesaid. Complainant's treasurer was unauthorized to file a notice of claim of property in its behalf with the sheriff of the county of Hudson in the attachment proceeding mentioned. The acts of both officers in such respect were officious and cannot militate against complainant's rights. Assets of a corporate body are within the exclusive control of its board of directors, from whom authority to dispose thereof must be derived. There is no proof in this case that any authority was vested in or conferred upon *Page 193 
complainant's president to do as he did with complainant's moneys. There is no proof in this case that any authority was vested in or conferred upon complainant's treasurer to file in its behalf with the sheriff of the county of Hudson the aforesaid notice of claim of property, and therefore the proceedings founded upon such notice are not binding upon or operative against complainant. The fact that complainant's president and treasurer were large stockholders and directors of the corporation is of no consequence in the matter sub judice. A director of a corporation, even though he owns a majority of the corporate stock, cannot act for the corporation without being authorized so to do, and he has no authority to act for the corporation except in his place as a member of the board of directors. Clement v. Young-McShea Amusement Co., 70 N.J. Eq. 677.
Section 12 of our Corporation act provides that the business of every corporation shall be managed by its directors. In Knopf v. Alma Park, Inc., 105 N.J. Eq. 299, it was held that the management of corporate affairs is committed by law to the directors assembled in board meeting, and that it is well established that the president of a corporation has no more authority over its property than any other director. A fortiori
the treasurer of a corporation. I will advise a decree in favor of the complainant for the relief prayed, and inasmuch as all issues between the parties litigant herein have been heard in the matter sub judice, in order to protect the complainant from further litigation with respect to its rights in and to the moneys in question, I will direct that the decree which I advise provide that the defendant Henry Moos, assignee, be enjoined from asserting any claim to the moneys aforesaid by virtue of the attachment proceedings mentioned, or otherwise; and that the defendant Commercial Trust Company of New Jersey pay said moneys to the complainant. *Page 194