## TABENHOUSE v. INTERNATIONAL OXYGEN CO.

### No. 177.

Circuit Court of Appeals, Second Circuit. Jan. 7, 1935.

David A. Buckley, Jr., of New York City (Joseph T. Cashman, of New York City, of counsel), for appellant.

Hays, St. John, Abramson & Schulman, of New York City (Arthur Garfield Hays, John Schulman, and Sadie Morris, all of New York City, of counsel), for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This suit was brought against the defendant, a New Jersey corporation, by a resident of New York, to recover a commission claimed to be due the plaintiff for procuring a purchaser for the defendant's business. Previous to this trial the complaint had been held insufficient and dismissed, but we reversed that judgment. See Tabenhouse v. International Oxygen Co. (C. C. A.) 55 F. (2d) 924. The dismissal this time was based upon failure of proof.

It appeared that in June, 1926, the plaintiff and one Nehemiah Freedman were employed by A. A. Heller, who was the treasurer and general manager of the defendant, and Samuel Heller, also one of the defendant's officers, to sell the defendant's business on a commission basis of 5 per cent. The Hellers controlled more than a majority of the shares of defendant's stock. The record does not show whether that proposed sale was to be of the assets or of stock, but at that time it was thought that Air Reduction Company might become the purchaser. That effort failed.

In December, 1925, the plaintiff interested a Mr. Rose in the purchase of what was called "the company," and arranged an interview between Mr. Rose and the two Hellers. At that time the Hellers offered to sell the business to Mr. Rose for $1,000,000 in cash, and Rose agreed to buy it provided it showed a profit for the year of 15 per cent. on the proposed purchase price. The Hellers assured Rose that it would, and Rose was permitted to have his own accountants make an audit to determine the fact after the close of business for the year. It was found that the net profits were much less than 15 per cent. of the proposed price, and Rose declined to buy. It was shown that Rose was able and ready to perform his part of the proposal to buy the business subject only to proof of its required earning power. The Hellers were not made parties to this suit, so the only contract upon which there may be a recovery herein is a contract to which the defendant corporation was a party. No contract was made in its behalf except by the Hellers. There was no proof of their authority except what followed generally from their powers as officers of the defendant and no ratification of any such contract by the defendant corporation was shown. The contract which was proved was for the sale of the business provided it had certain net earnings. We understand that to be for the sale of all the defendant's assets upon the condition named. It was not a transaction in the ordinary course of its business, and not one which the Hellers were, by virtue of being its officers, presumptively authorized to make for it. Schwartz v. United Merchants & Manufacturers, Inc. (C. C. A.) 72 F.(2d) 256. Under the law of the defendant's domicile, such a contract was not binding upon the corporation. Ely v. Credit Men's Adjustment & Interchange Bureau et al., 106 N. J. Eq. 472, 151 A. 208; Knopf v. Alma Park, Inc. et al., 105 N. J. Eq. 299, 147 A. 590. Nor was it under New York law. Trulock v. Kings County Iron Foundry, Inc., 216 App. Div. 439, 215 N. Y. S. 587. Since no contract binding upon the defendant was proved, it is unnecessary to discuss other grounds advanced by the defendant in support of the judgment.

Judgment affirmed.