THE FIRST NATIONAL BANK of Meriden, Appellant, *v.* PETER W. GALLAUDET, Respondent.

In an action wherein the question in issue was as to whether F. and B. were copartners, defendant's evidence tended to show that they jointly entered into a contract with the owner of certain letters patent, by the terms of which they were given the right, and agreed to manufacture the patented article and to pay the owner a specified portion of the profits, as a royalty. The contract was entered into by F. and B. in pursuance of an arrangement between them to the effect that the former should furnish the money and credit to carry on the business, the latter to have the general management thereof, and, after deducting advances

made by F., both should share equally in the profits. *Held*, that said evidence authorized the inference of a partnership; and so, that a submission of the question to the jury was proper.

(Argued October 22, 1890; decided December 2, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made the first Monday of February, 1888, which affirmed a judgment in favor of defendant entered upon a verdict.

The plaintiff's complaint charged that, in January, 1888, the defendant, then a dealer in commercial paper in the city of New York, sold to the plaintiff a promissory note, of date January 3, 1880, purporting to have been made by Franklin Farrel & Co. for $2,700, payable at three months from its date to the order of and indorsed by W. M. Babbott; that, to induce the plaintiff's cashier to purchase it, the defendant represented to him that Franklin Farrel & Co. consisted of said Franklin Farrel and William M. Babbott, the payee and indorser; that such representation was untrue; that there was no such partnership, and that the note was issued by Babbott individually. The defendant, by answer, admitted the sale of the note to the plaintiff; put in issue the other matters charged in the complaint, and alleged that the defendant, in making the sale of the note, acted as the agent of Babbott, which the plaintiff then knew, and, upon information and belief, that the note was that of a firm consisting of Farrel and Babbott. The jury found specifically upon certain propositions of fact in favor of defendant resulting in a verdict for him.

The following is the opinion in full:

" There was evidence given on the part of the defendant tending to prove that, at the time the note was made, there was a partnership composed of Franklin Farrell and William M. Babbott, in a business enterprise of manufacturing and selling refrigerator machines. Such evidence was to the effect that, by contract with the owner of the letters patent, they acquired an interest in the right to do so, and undertook to manufacture and sell such apparatus under an arrangement with such owner to give the latter a portion of the profits by way of royalty; and that, as between Farrel and Babbott such con-

tract was made pursuant to an arrangement between them that the former should furnish money and credit to carry forward the business, and the latter have the general management of it; that they should share equally in the profits, and out of them should be repaid the advances made by Farrel. This evidence, taken as true, warranted the inference of a partnership between the parties. Such relation arises from a business jointly carried on by persons pursuant to an arrangement between them that they are to share in the profits as such. (*M. B. & M. Co.* v. *Sears*, 45 N. Y. 797; *Burnett* v. *Snyder*, 81 id. 550; *Leggett* v. *Hyde*, 58 id. 272.) The fact, however, that a person is to receive a portion of the profits may be dependent upon a right so qualified by the arrangements, or controlled by the circumstances under which they are to be received, as to furnish no evidence of partnership. That is so when they are made the measure of compensation for services. (*Cassidy* v. *Hall*, 97 N. Y. 159; *Richardson* v. *Hughitt*, 76 id. 55.) The weight of evidence arising from the fact that the evidence on the part of plaintiff was distinctly to the effect that there was no partnership, is not here for consideration. The question must be treated as one of fact for the jury. And it was specially submitted to them, and they, by their verdict, answered in the affirmative. Upon that subject, the court charged the jury that it was for them to determine whether there was an agreement between ' Farrel and Babbott that they should do business jointly together in the adventure of manufacturing and selling ice machines. If there was such an agreement, there was a firm, and that firm was composed of Farrell and Babbott.' Exception was taken by the plaintiff. This charge was quite comprehensive in its import, but it may be questionable whether it necessarily embraced all the elements requisite to the instruction given as matter of law in that respect. Community of interest may not constitute a partnership. (*Porter* v. *M'Clure*, 15 Wend. 187; *Sage* v. *Sherman*, 2 N. Y. 427; *Central City Savings Bank* v. *Walker*, 66 id. 428.) The determination of the question presented by that exception is not deemed essential to the disposition of the case, and, therefore, no opinion is

expressed upon it. The defendant was a broker dealing in commercial paper, and known to be so by the plaintiff's cashier who transacted the business of making the purchase of the note which was left with defendant by Babbott to sell for him. And the defendant testified that at the time of the sale, he had a conversation with the cashier about who was the owner of the note, and 'I told him the paper was brought to me by William M. Babbott to sell and I was selling it for him.' The court submitted to the jury the two following specific questions of fact: 1. Did the defendant state to Charles L. Rockwell (the cashier), at the time Rockwell purchased the note, that said Franklin Farrel & Co. consisted of Franklin Farrel, of Ansonia, Connecticut, and William M. Babbott?

"2. Did Gallaudet state to Rockwell at the time the note was purchased that he, Gallaudet, was selling the note for William M. Babbott?

"The jury, by their verdict, answered the first of those questions in the negative, and the latter in the affirmative. Both findings had some evidence for their support, although they were the subject of conflict between the evidence of the defendant and Rockwell. And the contention of the plaintiff's counsel that those questions were erroneously submitted to the jury because the first was not within the issues presented by the pleadings, and the defendant was denied, by his answer, the benefit of the other, is not supported. The former was fairly within the issue presented by the pleadings and substantially within that presented by the evidence; and as to the latter, the defendant, by his answer, alleged that he made the sale of the note to the plaintiff as agent or broker of W. M. Babbott, the payee and indorser thereof; and that the plaintiff then well knew that fact. And in a subsequently numbered defense, the defendant alleged, upon information and belief, that the statement that was made by the defendant in reference to said note, in the making and validity thereof, was that the defendant was informed that the firm of Franklin Farrel & Co. consisted of said Farrel and said W. M. Babbott, or words to that effect, and no other. This allegation had reference to the note, and is not consistent with the fact that the defendant informed the cashier that he

was selling it for Babbott, nor does it qualify the allegation of his agency, and of the plaintiff's knowledge of it at the time of the sale of the note. The facts established by the verdict were that the defendant acted as the agent of Babbott in the transaction and disclosed such agency and the name of his principal to the plaintiff at the time of the sale ; and that he made no representation to the effect that Farrel was partner of Babbott, or a member of what purported to be a firm of Franklin Farrel & Co., relieved the defendant from liability for the causes alleged in the complaint. Nor, in view of the facts so found, was there any imputation of bad faith of the defendant in the transaction furnished by the evidence.

"All the exceptions taken by the plaintiff have been carefully examined, and no error to the prejudice of the plaintiff is found in any of the rulings to which they were taken.

" The judgment should be affirmed."

*William H. Arnoux* for appellant.

*C. Elliott Minor* for respondent.

BRADLEY, J., reads for affirmance.
All concur.
Judgment affirmed.