GUY C. MARINER, INC., Respondent, *v.* ELIZABETH C. HUGHES, Appellant. (Action No. 2.)

First Department, April 15, 1932.

*Earl J. Garey* of counsel [*William Helfer* with him on the brief; *Garey & Garey,* attorneys], for the appellant.

*Ward V. Tolbert* of counsel [*John Ewen* with him on the brief; *Tolbert, Ewen & Patterson,* attorneys], for the respondent.

SHERMAN, J. The complaint contains two causes of action, each in *quantum meruit.* Plaintiff has erected upon land belonging to defendant at Pelham Manor, Westchester county, a residence for her occupancy, and two houses which were built for the purpose of being sold.

The first cause of action is for services in constructing the personal residence; the second, for services in building the two other houses.

The defendant interposed a general denial. At trial she asserted that a joint venture existed in the enterprise and that plaintiff was entitled to no compensation because a loss, instead of a gain, resulted.

A letter had been written by Mr. Mariner outlining the project, which in effect stated that defendant's land was to be subdivided into six plots and improved with suitable residences on a profit-sharing basis, the net profit to be divided equally between builder and owner; and that if a plot were not sold within nine months from the beginning of operations, defendant was to have the right to dispose of it by a sale or rental at such figure as should be determined by her, whereupon Mariner was to accept as full compensation $2,500 for construction service on each plot. Two such houses were built and sold after the expiration of nine months.

In addition, the letter contained an offer to build a residence for the defendant's own occupancy on one of the plots, for which the builder was to be paid cost plus ten per cent.

No written reply was sent by defendant to this communication, but thereafter Mariner caused plaintiff to be organized and it proceeded with the undertaking, there being from time to time changes in the plan as outlined, such as that the property was subdivided into five instead of six plots, only two dwellings were erected and the land upon which defendant's personal residence was constructed was enlarged.

Mariner's testimony that this letter was accepted as a contract by defendant was not denied, but the proof showed that it was

not strictly adhered to and was regarded rather as a guide, than relied on as a contract. It was departed from in several particulars. There being no evidence that it had been formally assigned by Mariner to plaintiff, plaintiff relied upon its causes of action in *quantum meruit*, instead of suing on the contract. (*Raile* v. *Peerless American Products Co., Inc.*, 192 App. Div. 506.)

It was undisputed that the cost of the private residence was $63,333.80, and Mariner's testimony that ten per cent thereof was the fair and reasonable value of the service rendered thereon was likewise uncontradicted. His testimony that $5,000 was the reasonable value of the services rendered in the construction of the two houses also met with no contradiction. Therefore, aside from the requirement that this testimony, given by an interested witness, need not have been accepted in full by the jury, plaintiff would have been entitled to a recovery of these amounts by direction, unless an affirmative defense was established.

All questions in the case, including the construction to be placed upon the letter, which in the charge was termed a contract, were submitted to the jury, who were also given the right to find that there had been a joint venture wherein losses had been sustained which entitled the defendant to defeat recovery.

We hold the view that there is not sufficient evidence to sustain defendant's claim of joint venture, for there was no joint proprietary interest nor agreement to share losses as well as profits, and plaintiff was entitled to remuneration even if there were no profits. The circumstance that plaintiff might have received a share of profits, if there had been any, does not, of itself, establish a joint venture or partnership, for it is clear that such arrangement was made as a measure of compensation for services rendered, as distinguished from the right which a principal has to profits as such. (*First National Bank of Meriden* v. *Gallaudet*, 122 N. Y. 655, 657; *Hackett* v. *Stanley*, 115 id. 625, 629; *Cassidy* v. *Hall*, 97 id. 159, 168; *Burnett* v. *Snyder*, 81 id. 550, 555; *Richardson* v. *Hughitt*, 76 id. 55, 58.) Even if a joint venture had been established, it would have related only to the two dwellings which were to have been sold and that community of interest would have expired at the end of nine months, when plaintiff was entitled to compensation not exceeding $2,500 upon each of the houses built for sale even if there was a loss, and it could not affect plaintiff's right to compensation for services in building defendant's own residence. No counterclaim was pleaded, and no question of joint venture or loss therefrom should have been submitted to the jury.

The jury having found for the defendant, the trial justice set

the verdict aside and directed a new trial. Upon this appeal from that order, we hold that such order should be affirmed, with costs and disbursements.

MERRELL and McAVOY, JJ., concur.

MARTIN, J. (concurring in result). The fact that the plaintiff's action is on a *quantum meruit* does not prevent the defendant from establishing a contract between the parties, the terms of which as modified govern the entire transaction. (*Taft* v. *Little*, 178 N. Y. 127.) If so established, the plaintiff must prove the terms of the contract and performance thereof. If the plaintiff agreed to have the whole proposition financed, and also agreed that " it would cost the defendant nothing," and failed to perform the contract, it would not be entitled to recover.

I concur, therefore, in the affirmance of the order but on the grounds here indicated.

FINCH, P. J., concurs.

Order affirmed, with costs and disbursements.