THE HARRY R. GORDON CO., INC., Respondent, *v.* GARCIA SUGARS CORPORATION, Appellant.

First Department, May 4, 1934.

*Robert Garlock* of counsel [*Rabenold & Scribner,* attorneys], for the appellant.

*Frederick B. Merkle* of counsel [*Merkle & Merkle,* attorneys], for the respondent.

UNTERMYER, J. The plaintiff, claiming to be a joint adventurer with the defendant under a written contract, demands judgment that the joint venture be dissolved; that an accounting be had and that the proceeds of the assets of the joint venture be divided between the parties according to their respective rights. The defendant appeals from the order which denied its motion to dismiss the complaint, contending that the agreement, annexed to the complaint, does not constitute the parties joint adventurers.

The contract recites that the defendant is engaged in the manufacture and sale of refined sugar and that the plaintiff is engaged

in business as manufacturers' agent and broker for the sale of sugar, flour, coffee and cereal; that the defendant desires the plaintiff to become " its agent and broker for the sale of its sugar " and that the plaintiff desires to secure " the sales agency thereof." The agreement then provides that the defendant appoints the plaintiff its " exclusive agent and broker for the sale of all refined sugar," except within the city of New York. For this service the defendant agrees to pay " the usual brokerage commission allowed generally at the time " on all sales of the defendant's sugar made by the plaintiff and on all sales made by the defendant not within the limits of the city of New York. In consideration of the agency granted to the plaintiff, the defendant is entitled to receive forty-five per cent of the net profits of the plaintiff whether resulting from the sale of the defendant's products or generally from the business of the plaintiff; the plaintiff retains forty-five per cent of its net profits; and one Alexander D. Le Vien is to be employed by the plaintiff as its salesman at a salary of $200 a month together with the remaining ten per cent of the plaintiff's net profits. The plaintiff agrees to keep accurate operating statements and to render monthly statements to the defendant showing the earnings for each month. Either party is accorded the right to examine the books and records of the other.

The complaint then alleges, in substance, that the plaintiff has earned commissions, which the defendant has refused to pay, on account of sales of sugar made by the plaintiff as the defendant's selling agent and also, it would seem, on account of sales made by the defendant, on which, under the agreement, the plaintiff is entitled to commissions. For all these sales it is alleged that the defendant has refused to account. It has also refused to render any statement of its sales to the plaintiff or to permit the plaintiff to examine the defendant's books.

The arrangement between the parties has none of the characteristics of a joint adventure. It is only the usual brokerage agreement on a commission basis, with the additional element that the principal receives an interest in the net profits of the broker's business. There is no joint proprietary interest here in any partnership assets. There is no agreement to share losses as well as profits from which a fiduciary relationship could be implied. There is only the obligation by the defendant to pay commissions to the plaintiff and by the plaintiff to pay a share of its net profits to the defendant. This is insufficient to create a joint adventure. (*Hutchinson* v. *Birdsong,* 211 App. Div. 316; *Mariner, Inc.,* v. *Hughes,* 235 id. 143; *Byrne* v. *Blaker Advertising Agency, Inc.,* 239 id. 395.) The plaintiff has an adequate remedy by an action at law for any

commissions to which it may be entitled on sales of the defendant's product.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion granted.

FINCH, P. J., and GLENNON, J., concur; MERRELL and TOWNLEY, JJ., dissent.

Order reversed, with twenty dollars costs and disbursements, and motion granted.