Eli A. Jasper, Respondent, v. Barnet Bernstein and Meyer C. Rosenthal, Copartners, Doing Business under the Firm Name of Coal and Oil Export Co., Appellants.

First Department. May 31, 1940.

*William Hughes Lewis* of counsel [*Irving D. Lipkowitz*, attorney], for the appellants.

*Alexander E. Rosenthal* of counsel [*Irving Segal* with him on the brief; *Morris C. Berger*, attorney], for the respondent.

Glennon, J. Plaintiff instituted this action in equity for an accounting. Defendants in their answer as a second affirmative defense interposed a plea, in short, that plaintiff has an adequate remedy at law. After issue was joined, defendants made a motion for judgment on the pleadings.

It is alleged in the second paragraph of the complaint that " prior to the 11th day of October, 1939, the plaintiff was employed * * * by Lithuanian-American Import & Export Corporation to arrange for the transportation and freighting of one thousand tons * * * of oil and/or gasoline to Gotenburg, Sweden." In the third paragraph it is alleged that " on or about the 11th day of October, 1939, in consideration of the plaintiff transferring his aforesaid agreement with the Lithuanian-American Import & Export Corporation to the defendants, the plaintiff and defendants agreed in writing to enter into this venture as partners and agreed to divide the net profits derived therefrom on the basis of fifty per cent to plaintiff and fifty per cent to the defendants * * *." A copy of the agreement upon which the plaintiff relies is annexed to the complaint and reads as follows:

"*October* 11, 1939.

" Mr. E. A. JASPER.
" 8 Bridge Street,
" New York City.
" Dear Sir:

" In consideration of you transferring to us the proposition of freighting 1,000 tons of oil and /or gasoline from New York and also Gulf port to Gotenburg, Sweden, we hereby confirm our understanding that the net profit on this venture will be divided between this office and yourself on a 50-50 basis."

It is alleged further that plaintiff turned over his agreement to the defendants and they thereafter arranged for the freighting of the merchandise for the corporation and subsequently defendants were paid by the corporation $47,434, the sum being the total freight charges as agreed between the defendants and the Lithuanian-American Import & Export Corporation. It is alleged that the defendants refused to account to the plaintiff, and, although duly demanded, they also refused to pay over to plaintiff his share of the net profits of the aforesaid venture. Then follows an allegation " that the defendants hold in their hands a large sum of money, the net profits * * *, one-half of which is the property of the plaintiff."

Defendants in their answer admit that they signed the agreement set forth in the complaint. They deny that there is any money due and owing to the plaintiff as a result of the transaction. It is asserted, as has been pointed out, that any relief which plaintiff may be entitled to can be obtained on the law side of the court.

Special Term, in denying defendants' motion said in part: " It is true, as defendants assert, that the agreement sued upon is merely to share the profits of a single transaction. Therefore, plaintiff could have brought an action at law. [Citing cases.] However, as appears from the pleadings, this transaction was a joint venture, creating a fiduciary relationship between the parties, which gives equity jurisdiction in an accounting action. * * *." We are not in accord with the view expressed by the court at Special Term except in so far as it is stated that plaintiff could have brought an action at law. The agreement simply provided for a transfer to the defendants of the " proposition of freighting 1,000 tons of oil and /or gasoline." The net profits on the transaction were to be divided between the defendants and the plaintiff on a " 50-50 basis." Even though the word " venture," was used in the agreement, that in and of itself did not make it a joint venture. Plaintiff did not agree to share in the losses. Had the freighting of the oil and gasoline resulted in a loss to the defend-

ants, they could not have looked to the plaintiff for contribution under the terms of the agreement (*Bigelow* v. *McMillin*, 251 App. Div. 456; *Gordon Co., Inc.*, v. *Garcia Sugars Corporation*, 241 id. 155.) The profits referred to were simply a measure of the compensation which plaintiff was to receive in the event of success from a monetary standpoint. (*Richardson* v. *Hughitt*, 76 N. Y. 55.)

For the reasons assigned the order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion granted, with leave to the plaintiff to serve an amended pleading within twenty days after service of order with notice of entry thereof, on payment of said costs.

MARTIN, P. J., O'MALLEY, COHN AND CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted, with leave to plaintiff to serve an amended complaint within twenty days after service of order on payment of said costs.