JUSTIN JACOBS, Respondent, *v.* JAY ESCOETT, Appellant.

First Department, November 13, 1942.

*Jacob Rosenberg* for appellant.

*Lewinson & Lewinson* for respondent.

GLENNON, J. Two causes of action are set forth in the complaint. The first is addressed to the equity side of the court. In it plaintiff seeks to have the defendant account. The second cause of action is one at law. The defendant made an application at Special Term, New York county, to dismiss the first and second causes of action upon the ground that facts sufficient to constitute the causes of action were not pleaded. Furthermore, the defendant demanded summary judgment. The court denied defendant's motion.

We are inclined to the view that Special Term correctly decided that the second cause of action was sufficient and that the defendant was not entitled to summary judgment. However, we are of the opinion that the application, in so far as it related to the first cause of action, should have been granted.

Plaintiff alleged in the second paragraph of the first cause of action: "That in or about the month of February, 1939, the plaintiff and the defendant agreed to be 'partners' in the rendering of certain accounting and tax services."

In the third paragraph of the amended complaint it is stated: "It was agreed between the parties hereto that the aforesaid partnership should continue for an indefinite period of time; that the defendant would advance the necessary capital for the carrying on of the partnership business, as well as the plaintiff's living expenses; that the plaintiff and defendant should co-operate and contribute their respective services in the carrying on of said business; that the plaintiff and defendant should share the duties of management as such partners; that the plaintiff should receive fifty percent of the net profits accruing from said business."

It is quite apparent from a reading of the so-called agreement between the parties that there was in fact no partnership arrangement. There was no agreement to share losses as well as profits, nor was there any joint proprietary interest in any of the assets from which a fiduciary relationship could be

implied. The most that can be said is that the defendant agreed to advance the necessary capital for carrying on the business as well as plaintiff's living expenses and that the plaintiff would receive fifty per centum of the net profits.

The tests which apply to a case of this type, where the rights of third parties are not involved, were considered by Mr. Justice SHERMAN in *Mariner, Inc.*, v. *Hughes* (235 App. Div. 143), wherein he said: "We hold the view that there is not sufficient evidence to sustain defendant's claim of joint venture, for there was no joint proprietary interest nor agreement to share losses as well as profits, and plaintiff was entitled to remuneration even if there were no profits. The circumstance that plaintiff might have received a share of profits, if there had been any, does not, of itself, establish a joint venture or partnership, for it is clear that such arrangement was made as a measure of compensation for services rendered, as distinguished from the right which a principal has to profits as such. (*First National Bank of Meriden* v. *Gallaudet*, 122 N. Y. 655, 657; *Hackett* v. *Stanley*, 115 id. 625, 629; *Cassidy* v. *Hall*, 97 id. 159, 168; *Burnett* v. *Snyder*, 81 id. 550, 555; *Richardson* v. *Hughitt*, 76 id. 55, 58.)" See, also, *Jasper* v. *Bernstein* (259 App. Div. 638); *Gordon Co., Inc.*, v. *Garcia Sugars Corp.* (241 App. Div. 155); *Byrne* v. *Blaker Advertising Agency, Inc.* (239 App. Div. 395).

For the reasons assigned, the order appealed from should be modified by granting the motion to dismiss the first cause of action, and, as so modified, affirmed, with twenty dollars costs and disbursements to the appellant.

MARTIN, P. J., TOWNLEY, UNTERMYER and DORE, JJ., concur.

Order unanimously modified by granting the motion to dismiss the first cause of action and, as so modified, affirmed with twenty dollars costs and disbursements to the appellant.