In an action for specific performance and an accounting with respect to an alleged agreement of joint venture, which involved the formation of a corporation which was to employ, in the manufacture of sweaters, a device invented by plaintiff, the equal distribution of the corporate stock, and a division between the parties of the corporate profits, judgment, insofar as appealed from, reversed on the law and the facts, plaintiff’s complaint dismissed on the law, the action severed, and a new trial granted of the issues presented by defendant Wolfer’s counterclaims and plaintiff's replies thereto, with costs to defendant Arthur Wolfer, to abide the event. Appeal from order dismissed, without costs. The finding that the parties by mutual agreement arranged to operate under a tentative plan until along about February 4, 1944; that plaintiff and appellant entered into an agreement dated July 12, 1943 (plaintiff’s Exhibit 1), which was never intended to be carried out by the parties; and that they entered into another agreement, collateral to the agreement referred to as plaintiff’s Exhibit 1, to manufacture sweaters with plaintiff’s device at 48 Morrell Street, in the borough of Brooklyn, from July 31, 1943, to February 4, 1944, is reversed as contrary to the evidence. Neither of the parties claimed, nor was there any proof of any new or collateral agreement. The only agreement between the parties was that pleaded by plaintiff and annexed to his complaint. In our opinion that agreement is so vague and indefinite as to many of its essential provisions, that it may not be enforced. (Samuel v. Bastress, 267 N. T. 279; Clark. Paper é Mfg. Co. v. Stenacher, 236 N. V. 312; St. Regis Paper Co. V. Hubbs & Hastings P. Co., 235 N. Y. 30.) If we assume, however, that the contract was sufficiently definite, plaintiff has nevertheless established no right to an accounting. The relationship provided for is not a joint venture, since there was no agreement by plaintiff to share in the losses which might ensue. (Jasper v. Bernstein, 259 App. Div. 638; Haxton & Son v. Rich, 267 App. Div. 492. See, also, SchanU v. Oakman, 163 N. Y. 148.) The trial court did not pass on the issues presented by defendant Wolfer’s counterclaims and plaintiff’s replies. Such issues, which depend for their determination on the credibility of the witnesses who testified, may not be determined on this appeal. Hagarty, Acting P, J., Carswell, Adel, Nolan and Sneed, JJ., concur.