S. Mayo Boyd, Plaintiff, *v.* Cornell Machine Co., Defendant.
Supreme Court, Special Term, New York County, May 6, 1949.

*Kermit F. Kip* for defendant.

*Lyman Sessen* for plaintiff.

Pecora, J. The allegations of the complaint and the agreement annexed thereto indicate that the sole relationship existing between plaintiff and defendant was that of employer and employee. Plaintiff's attempt to read into the relationship the elements of a joint venture so as to entitle him to an accounting are contradicted by his complaint and the specific terms of the agreement. The agreement specifies clearly that plaintiff was engaged to sell defendant's equipment for which he was to receive commissions amounting to 10% of the sales price. The complaint corroborates that by clearly referring to commissions allegedly due to plaintiff. There is no question of sharing profits here as plaintiff claims. His complaint makes no reference to sharing profits nor does it even attempt to characterize the relationship of the parties as a joint venture or partnership. All it seeks is an accounting of commissions allegedly due plaintiff for the sale of defendant's equipment. He is not entitled to such equitable relief under the facts alleged even though he is unable to ascertain the exact amount of the commissions due him. His remedy is an action at law in which he may proceed by examination before trial and/or discovery and inspection to obtain the necessary facts and figures (*Gordon Co.* v. *Garcia Sugars Corp.,* 241 App. Div. 155; *Byrne* v. *Blaker Advertising Agency,* 239 App. Div. 395; *Lonsdale* v. *Speyer,* 174 Misc. 532, 550). Since plaintiff has an adequate remedy at law the motion to dismiss is granted without prejudice to plaintiff's right to institute an action at law to recover his commissions.