■ HORST REICHERT, Appellant, v N. MACFARLAND BUILDERS, INC., et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered May 27, 1980 in Albany County, which, *inter alia,* partially dismissed plaintiff's first cause of action and dismissed the remaining causes of action in their entirety. By contract entered into in December, 1975, defendants agreed to compensate plaintiff, a project manager on several of defendants' construction projects, with a salary plus percentage bonuses when 75% of those projects were completed. In April, 1979, plaintiff left defendants' employ and sued to recover bonuses allegedly due for work performed on five construction projects, although two were less than 75% completed when he left. A second cause of action demanded an accounting for profits based on a fiduciary relationship, and the third alleged interference with the employment contract. Dismissal of so much of the first cause of action as pertained to bonuses on those two projects not 75% completed when plaintiff's employment ended was clearly correct. Plaintiff's interpretation of the contract as immediately investing him with a bonus and merely deferring

its payment and calculation until the appropriate stage of completion of the project, is untenable. Under the agreement, he was to receive a bonus of 5% of the gross profit for new work started in 1976. Gross profit was defined as the "final contract price less cost of construction including * * * [plaintiff's] salary for time spent on the project". Plaintiff's reading of the contract produces the absurd result that the less time plaintiff spent on the project, the greater the gross profit, and hence a correspondingly larger bonus would accrue. Conversely, if plaintiff worked through to the completion of the project, his bonus would be the least he could possibly earn. This reading of the contract is obviously unacceptable. The second cause of action was also properly dismissed since a cause of action for an accounting must allege a fiduciary relationship (see *Brigham v McCabe,* 27 AD2d 100, 105, affd 20 NY2d 525). All that is alleged is that such a fiduciary relationship existed because the bonuses to be paid were to be calculated on gross profits. When a contract of employment only provides for a division of profits and not a sharing of losses as well, it only creates an employer-employee relationship, not a fiduciary one, and an accounting is inappropriate (*Byrne v Blaker Adv. Agency,* 239 App Div 395, 399). Since the third cause of action contains only a conclusory statement, unsupported by any factual allegation, that defendants prevented distribution of the bonuses, it too must fail (*Taylor v State of New York,* 36 AD2d 878). Order affirmed, without costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.