## HART v. L. D. GARRETT CO.

(Supreme Court, Appellate Division, First Department.   April 8, 1904.)

1. BROKERS—AGREEMENT TO PAY PART OF COMMISSIONS—PAYMENT WHEN DUE.
Defendants agreed to pay plaintiff one-fifth of any profits which "we may realize" from sale of any insurance company to any one plaintiff might introduce; said payment to be made "as soon as we receive compensation or commission. If paid to us by note, or otherwise, due at a future time, we agree to pay your share in cash, less the usual bank discount." *Held*, that as to the part of defendants' compensation which, under the agreement in regard to sale, was to be retained by the purchaser for three years as security that a certain amount would be realized out of assets of the company sold, plaintiff could not recover till defendants' receipt thereof was no longer contingent.

2. CONTRACTS—AGREEMENT AS TO AMOUNT DUE—EVIDENCE.
Defendants contracted to pay plaintiff one-fifth of any profits they should realize out of a sale, as soon as it should be received. An indorsement thereon, signed by the parties, recited the receipt on the "within contract" of $6,500; "the balance under this contract, if any found to be due," to be determined and paid within a certain time. *Held*, that the indorsement was proof that no previous binding agreement had been made that $15,000 was the amount due plaintiff on the contract.

Appeal from Trial Term, New York County.

Action by Arthur W. Hart against the L. D. Garrett Company to recover a proportionate share of broker's commissions under a contract. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

See 84 N. Y. Supp. 774.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Lewis L. Delafield, for appellant.
William B. Ellison, for respondent.

PATTERSON, J. The real question involved in this case relates to the plaintiff's right to maintain this action at the time it was instituted; and I am of the opinion that it was prematurely brought, and that, under the contract made by him with the defendant, and under the evidence appearing in the record, although he may be entitled to recover in another action, as the facts may be made to appear hereafter, no cause of action existed when this suit was brought. The solution of the question depends largely, if not altogether, upon the construction of written instruments. The facts are simple. The defendant is a corporation which seems to have been engaged in the business, among other things, of buying and selling insurance stocks. On March 8, 1900, it entered into a contract with the plaintiff in the following words:

"In consideration of One dollar and services to be performed by you, as hereinafter stated, we hereby agree to pay you one-fifth of any profits (after deducting all expenses) which we may realize from the sale of any insurance company or the sale of any insurance company stock to any person, persons, corporation or their managers that you may name or introduce to us or our

representative or firm, within thirty days from this date. The said payment of one-fifth to be made to you as soon as we receive our compensation or commission. If paid to us by note, or otherwise, due at any future time, we agree to pay your share in cash, less the usual bank discount. This letter signed in duplicate and made a contract, all names of persons or companies to be noted on the back of this contract for identification."

Under this contract, the plaintiff introduced to the defendant the manager of the London & Lancashire Fire Insurance Company, and an arrangement was made by which that company purchased the stock of the Orient Fire Insurance Company of Hartford, Conn., and out of this transaction the defendant was entitled nominally to a fee or profit, or compensation, as it may be called, of $143,000. It is proven that of this some $77,000 was paid to the defendant, but it is admitted that from that last-mentioned amount the sum of $62,500 is to be deducted as expenses of the defendant. It is unnecessary to inquire into the details of those expenses, because the plaintiff testified that he knew that amount was to be allowed for expenses, and that the defendant must be credited therewith. In the arrangement that was made for the purchase by the London & Lancashire Fire Insurance Company of the Orient Fire Insurance Company stock, it was required by the purchaser that $65,000 of the $143,000 to go to the defendant should be retained by the purchaser for three years as security or a guaranty that certain assets of the Orient Company would bring the sum of $287,000, and certain other assets $118,000, within that time; and this $65,000 was to be retained from the purchase money and kept in the hands of the purchaser until the expiration of the three years mentioned.

It is to be observed that, in the contract made between the plaintiff and the defendant, nothing whatever is said or suggested as to terms upon which contracts might be made by the defendant with purchasers. That was a matter resting entirely within the discretion of the defendant. All that the plaintiff was entitled to was one-fifth of profits realized and received by the defendant, either actually in cash, or, if paid by note or otherwise due at a future time, the plaintiff was to receive his share in cash, less bank discount. The proper construction of this contract is obvious. That to which the plaintiff was entitled was one-fifth of what was actually realized and received by the defendant, either in the way of payment, or something that was equivalent to payment, and which could be realized upon. There was no limitation in this contract upon the right of the defendant to provide for contingent compensation, or to contract with the purchaser that part of the money to which it (the defendant) would be entitled should be deferred in payment or should be contingently or conditionally payable. Here nothing was received except the $77,000, from which the expenses were to be deducted, and the rest remained unpaid, unrealized, and unreceived; and the plaintiff's right to payment was limited to his share of what was actually realized and received or came into the possession of the defendant. The plaintiff was paid $6,500. He brought this suit to recover, in addition thereto, the sum of $21,000; placing his claim upon the theory that the defendant made and realized a profit of $143,000, and that, as a consequence, he was entitled to one-fifth of that amount. The

verdict of the jury was for $9,000, which evidently was based upon the idea that $143,000, less the $62,500 expenses, had actually been realized by the defendant.    It is claimed by the plaintiff that there is evidence which shows that he and the president of the defendant construed the contract for themselves, and that the defendant's president admitted before the action was brought that there was a sum of $15,-000, at least, due to the plaintiff on the contract; and that that evidence is controlling and entitled the plaintiff to a verdict.    The plaintiff did testify that he had a conversation with Mr. Garrett, the president of the defendant, in which it was stated that certain amounts of money were received from the London & Lancashire Fire Insurance Company, and that the defendant's president agreed to pay to Mr. Hart the sum of $13,000 in cash, and to give him a mortgage for $1,500, and the plaintiff swears that he accepted that proposition. But this conversation was prior to June 25, 1900, on which date a new, or modification of the old, agreement was made between the plaintiff and the defendant.    There can be no mistake about the nature of the transaction that took place on the 25th of June, 1900, because it is specifically alleged in the complaint as a new agreement.    On that day the plaintiff was paid $6,500, and upon receiving that money he and the defendant, by its president, signed an instrument in the following words:

"Received upon within contract the sum of Six Thousand and Five hundred Dollars ($6,500).    The balance under this contract, if any found to be due, shall be determined and paid to the within named A. W. Hart within (90) ninety days from the date hereof by said L. D. Garrett Co., the said A. W. Hart reserving all his rights under this contract."

That new agreement was indorsed upon the first-mentioned instrument.    It is evident from this that no previous binding arrangement or agreement as to what was due or owing or payable by the defendant to the plaintiff had been made.    The balance under the contract, if any were found to be due, was to be determined and paid within 90 days.    The original contract was preserved.    No change or alteration whatever was made in the terms with respect to the plaintiff being entitled to anything until it was realized or received by the defendant.    It left the parties, with reference to that, just where they were; and there is nothing to show that anything was done as to the determination within 90 days, after the signing of the modification of the contract, of what was due to the plaintiff.

It seems to me, therefore, that the action was prematurely brought, and that the judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event.    All concur.