GEORGE A. COLVIN, Appellant, *v.* POST MORTGAGE AND LAND COMPANY, Respondent.

**Brokers — commissions — when real estate broker who has negotiated a sale entitled to his commissions — construction of contract providing that broker should receive his commissions on installments as paid by purchaser — extensions of time to complete contract of sale — broker's claim for commissions on unpaid installment — question whether delay was caused by seller or purchaser for jury.**

1. To earn his commissions a broker must accomplish what he undertook to do in his contract of employment.  Yet, even failing to do so, if he produces a buyer with whom the owner is satisfied and who contracts with the owner at a price and upon terms satisfactory to the latter, the broker is entitled to compensation.  A failure to complete thereafter, whether due to the fault of the buyer or of the . seller, will not deprive him of them.  But by their contract the parties may vary this rule to any extent.

2. A sale of real property was negotiated by plaintiff, a real estate broker, under an agreement fixing his commissions at a certain percentage if the sale should be completed for a certain price.   The buyer wishing to pay the purchase price in installments, the plaintiff and the owner, the defendant herein, before any binding contract of sale with the buyer was executed, made another agreement, reciting that the former had negotiated the sale and that the plaintiff's commissions should be a certain percentage of the purchase price " payable *pro rata* from each installment of the purchase price as and when the same is received," the final installment to be due when the final cash payment and a bond and mortgage securing the balance was turned over,

no commission to be earned until the purchaser signed a contract of sale, and if for any cause he terminates the contract the plaintiff's right to further commissions terminates also.   *Held,* that there was a consideration for such agreement.

3. After the execution of the contract of sale the buyer made a small payment on the purchase price on which the plaintiff received his commissions.   No further payments have been made and the purchaser has never terminated the contract but is willing to complete it.   There is a cloud upon the title on part of the property which the defendant has been unable to remove, claiming that delay was caused by the purchaser's failure to obtain and examine the search, and extensions of time within which to complete the contract have been given.   Of these the plaintiff had no knowledge and never consented to them. The plaintiff brings this action for his commissions on the ground that the failure of the purchaser to carry out the contract of sale is due to the fault of the defendant.   The defendant claims that the commissions are not yet due.   *Held,* that the question whether delay was caused by the defendant or by the purchaser is a question of fact for the jury.   *Held, further,* that if it should be determined that the delay was caused by defendant, the broker is entitled to commissions upon all installments of the purchase price due before the beginning of the action.

*Colvin* v. *Post Mortgage & Land Co.,* 173 App. Div. 85, reversed.

(Argued January 8, 1919; decided February 25, 1919.)

APPEAL from a judgment, entered June 8, 1916, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Samuel Seabury, Joseph I. Green* and *Chauncey E. Treadwell* for appellant.   The Appellate Division erred in holding that because the terms of plaintiff's contract were that he was to receive payment of his commissions out of installments as received, that this action, being brought before the actual receipt of such installments, is premature.   The action is not brought to recover

installments on the contract, but is brought to recover damages for the breach by defendant of contract, thus rendering the rule of law enunciated by the Appellate Division wholly inapplicable. (*Hix* v. *Edison El. Light Co.*, 10 App. Div. 75; *Smith* v. *Peyrot*, 201 N. Y. 210; *Gilder* v. *Davis*, 137 N. Y. 504; *Fuller* v. *Bradley Contracting Co.*, 183 App. Div. 6; *Reis Co.* v. *Zimmerli*, 155 App. Div. 260; *Benedict* v. *Pincus*, 134 App. Div. 555; *Larson* v. *Burroughs*, 131 App. Div. 877; *Morgan* v. *Calvert*, 126 App. Div. 327; *Parvin* v. *Abels-Gold Realty Co.*, 126 App. Div. 329; *Perry* v. *Bates*, 115 App. Div. 337; *Alt* v. *Doscher*, 102 App. Div. 344; *Sullivan* v. *Frazier*, 40 App. Div. 288.) The position of defendant, that the judgment must be reversed because of an inadvertent striking out of some essential part of the pleading at the trial, is unsound. (*Steinam* v. *Strauss*, 44 N. Y. S. R. 380; 137 N. Y. 561; *McCaddon* v. *Central Trust Co.*, 182 App. Div. 486; *Bohlen* v. *Met. El. Ry. Co.*, 121 N. Y. 546; *Pratt* v. *Hudson River R. R.*, 21 N. Y. 305; *Bate* v. *Graham*, 11 N. Y. 237; *Lounsbury* v. *Purdy*, 18 N. Y. 515; *Willard* v. *Bunting*, 34 N. Y. 153; *Haddow* v. *Lundy*, 59 N. Y. 320; *Rowland* v. *Sprauls*, 21 N. Y. Supp. 895; *Saracena* v. *Preisler*, 180 App. Div. 348.) The contract of sale must be construed as a valid contract for the sale of the premises for $150,000, and the fact that it contained a condition subsequent, giving the purchaser an option to withdraw on the forfeit of the moneys already paid, does not alter its status. (*Van Name* v. *Queens L. & T. Co.*, 130 App. Div. 857; *Hess* v. *I. & T. Realty Co.*, 67 Misc. Rep. 390; *Knisely* v. *Leathe*, 178 S. W. Rep. 453; *Levy* v. *Duncan Realty Co.*, 178 S. W. Rep. 984; *Dillinger* v. *Ogden*, 244 Penn. St. 20; *Wright* v. *Suydam*, 72 Wash. 587; *Pederson* v. *N. Y. & E. S. Irrigation Co.*, 116 Pac. Rep. 279; *McLane* v. *Petty*, 159 S. W. Rep. 891; *Henderson* v. *Grant & Gilbert*, 171 S. W. Rep. 304; *Mattes* v. *Engel*, 15 S. D. 330.)

*Sol Kohn* and *George Murray Brooks* for respondent. The brokerage contract and provisional sale contract formed the basis of plaintiff's claim to a recovery, and these contracts, read in the light of the evidence, clearly negative the right of the plaintiff to any recovery whatever. (*Seymour* v. *St. Luke's Hospital*, 28 App. Div. 125; *Condict* v. *Cowdrey*, 139 N. Y. 273; *Clark* v. *Hovey*, 217 Mass. 485; *Hough* v. *Baldwin*, 50 Misc. Rep. 546; 53 Misc. Rep. 284; *Milstein* v. *Doring*, 102 App. Div. 349; *Couper* v. *O'Neill*, 53 Misc. Rep. 319; *Lindley* v. *Fay*, 119 Cal. 239; *Cremer* v. *Miller*, 56 Minn. 52; *Owen* v. *Ramsey*, 23 Ind. App. 285.)

ANDREWS, J. This is an action by a broker to recover his commissions on the sale of real estate concededly brought about by him. His employment by the defendant is also conceded. The dispute is as to whether these commissions are yet due. At the close of the testimony the trial court directed a verdict in the plaintiff's favor for $16,996. The Appellate Division has reversed the judgment subsequently entered and dismissed the complaint.

From the testimony before it the jury might have found that the defendant claimed to own some 16,500 acres of wild land in New Jersey. In 1909 it employed the plaintiff to sell this property for practically $150,000 on a 5% commission basis. Some negotiations were had but no sale resulted. Finally in 1913, the plaintiff produced a customer whose intentions were more serious. Upon this, it was agreed that if the sale was completed for $150,000 the plaintiff's commissions were to be increased from 5% to 10%. But the customer, one Tilney, evidently was not prepared to pay the $150,000 in cash or upon the terms usual in cases of such sales. Therefore, the defendant might have rejected his offer and if it had done so it would be under no liability to the

33

plaintiff. Ordinarily, to earn his commissions a broker must accomplish what he undertook to do in his contract of employment. Yet, even failing to do so, if he produces a buyer with whom the owner is satisfied and who contracts with the owner at a price and upon terms satisfactory to the latter, the broker is entitled to compensation. (*Sibbald* v. *Bethlehem Iron Co.,* 83 N. Y. 378; *Gilder* v. *Davis,* 137 N. Y. 504.)

The measure of this compensation under such a contract as the one before us we need not determine; the parties have reached an agreement upon it. After negotiations between the defendant and Mr. Tilney, possibly after they had substantially reached an understanding but before any binding contract was made a contract was executed between the plaintiff and the defendant. After reciting that the former had negotiated a sale to Mr. Tilney for $150,000, it was agreed that Mr. Colvin's commissions should be 10% of the purchase price " payable *pro rata* from each installment of the purchase price as and when the same is received " by the defendant, the final installment to be due when the final cash payment and a bond and mortgage securing the balance is turned over. No commission is earned, however, until Mr. Tilney has signed a contract of sale, and if for any cause he terminates this contract, the plaintiff's right to further commissions terminates also.

In his complaint the plaintiff alleges that such contract was without consideration. This the defendant denies. It is right. Each party surrendered something. Mr. Colvin postponed the payment of his commissions and abandoned them entirely or partly in certain contingencies. The defendant surrendered the claim that the contract under which the broker was entitled to 10% had never been fulfilled and that, therefore, at most he could recover but the reasonable value of his services, and in reliance upon this agreement as plaintiff intended

it should do entered into a contract of sale which the plaintiff must have understood contemplated payments in installments, and one which, therefore, might never actually be carried out.

The next day the defendant and Tilney entered into a contract of sale. The price was $150,000. Sixty thousand dollars was to be paid in cash installments extending from the date of the contract to January 1, 1916, when a purchase-money mortgage for $90,000 was to be given. As installments were paid parts of the property were to be conveyed to the purchaser. An allowance was to be made for the failure of title to an unimportant portion of the tract, but if a New Jersey trust company reported a substantial failure of title the agreement was to be canceled. At any time after Mr. Tilney had paid $4,000 he might terminate the contract, keeping the land already conveyed to him but forfeiting what he had paid, or he might assign it and thereby relieve himself from further personal liability. He was also to furnish the defendant such surveys as were necessary to carry out the contract, this clause having reference apparently to the delimitations of the plots to be conveyed to him as the installments were paid.

On the execution of this contract, Mr. Tilney paid $1,000. Of this the plaintiff received 10%. No further payments have been made. Mr. Tilney has never terminated the contract. Indeed he seems to have been anxious to complete it, and the defendant insists it is still pending. The difficulty seems to have been that there was a cloud upon the title of a substantial part of the property, which the defendant has been seeking to remedy, so far unsuccessfully, although it claims that the delay was caused by the failure of Mr. Tilney to obtain and examine the search. There is some evidence to support this contention. Whatever the cause, extensions of time, within which to complete have been given.

Of these the plaintiff had no knowledge and he never consented to them. In fact, he testified that he was refused all information as to the contents of the contract of sale itself.

The contract we are called upon to construe is that between the plaintiff and the defendant. The contract of sale is material only so far as it is referred to therein expressly or by inference and in so far as it assists in such construction. Peculiar provisions, inserted in it without Mr. Colvin's knowledge or consent, are unimportant in view of the circumstances disclosed here.

Ordinarily when the seller has accepted the buyer brought him by his broker, when they have agreed upon terms, and executed the contract of sale, the broker's work is done and he has earned his commissions. A failure to complete thereafter, whether due to the fault of the buyer or of the seller, will not deprive him of them. (*Gilder* v. *Davis*, 137 N. Y. 504.) But by their contract the parties may vary this rule to any extent. The broker may if he chooses agree that if the sale falls through because of the seller's fault, he shall be entitled to nothing. Commonly, however, such is not the meaning of the parties, and an agreement should not be so construed unless such a result is clearly intended. (*Seymour* v. *St. Luke's Hospital*, 28 App. Div. 119; *Larson* v. *Burroughs*, 131 App. Div. 877.)

When the final contract between the plaintiff and the defendant was made the former must have understood that the contract for sale was to provide for payments by installments. He was content to agree not only to postpone the receipt of his compensation, but to make it dependent on their payment. Just how and when these amounts were to be paid the defendant, he says he did not know. Obviously he might well trust these matters to the seller's self interest. Again he must have known some provision was to be inserted as to possible can-

cellation of the ·contract by the buyer. Once more he might trust the defendant for their interests in this matter were identical. No collections, no commissions has a fair business appeal to both seller and broker. But if the sale fails through the seller's fault, a very different situation arises. We do not find expressed or implied in this contract any indication of an intention that in such event the broker shall lose what he has earned. True he is to be paid as and when installments are received. True Tilney may not live up ·to his agreement. 'True if he terminates the contract the claim of the plaintiff ends. But all this indicates the understanding that installments are to be paid until and unless Tilney does so act or does fail to make a payment — not that they are to cease because of the fault of the defendant. This being so the complaint should not have been dismissed.

As we have said there is some slight testimony from which it might be inferred that the delay was caused not by the defendant but by Tilney. If so there can be no recovery. There is, therefore, a question of fact to be solved by a jury and we may not exercise ·the power conferred upon us by section 1337 of the Code of Civil Procedure.

As a new trial is to be had, and as the rule of damages adopted by the trial court was erroneous, it is well that we should indicate our views on that subject.

It was left to the defendant to fix in the contract of sale the amount and the dates of payment of various installments on the purchase price. It did so. The buyer agreed to pay such sums as fixed, unless he elected to terminate the contract. When the present action was begun no where appears. The complaint was verified July 6, 1915. Up to that time $45,000 should have been paid. After paying $4,000 of this sum, Tilney might have terminated the contract upon giving sixty days' notice

of his intention so to do. There is no presumption that he would have done so. In any event he has not. So should the jury find for the plaintiff, this is the situation. Forty-five thousand dollars due under the terms of the contract. That sum unpaid through the fault of the defendant. Ten per cent commissions thereon due the plaintiff unless Tilney has canceled the contract. His failure to do so. Therefore, the claim of the defendant is this. Had it had a good title, had it tendered it to Tilney, the latter, after paying $4,000 might have refused to go on with the transaction. Therefore 10% on $4,000 is all that the plaintiff has certainly lost. We do not think it may so take advantage of its own wrong. Usually a purchaser intends to complete his purchase. This is enough to justify an allowance to the plaintiff of commissions on all sums due before the beginning of this action. Not commissions on $150,000, however, as the trial judge held. The plaintiff was to receive his pay, based on 10% of each installment payable from it; " as and when the same is received " or should have been received except for the defendant's fault. Until the time arrives when a fixed sum is made payable, under circumstances such as here appear no recovery can be had.

We have examined the questions raised by the respondent as to the amendment of the complaint. The trial court correctly disregarded the alleged defect in view of the proceedings before it. If upon a new trial it appears that because of some inadvertent language of counsel necessary allegations were stricken from the complaint, a remedy may be found.

The judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, POUND and CRANE, JJ., concur; CARDOZO, J., dissents.

Judgment reversed, etc.