ISAC WAGNER et al., Respondents, v. SAMUEL DERECKTOR, Appellant.

First Department, November 12, 1952.

*Menahem Stim* of counsel (*Allen S. Stim* with him on the brief; *Curran & Stim,* attorneys), for appellant.

*George J. Malinsky* of counsel (*Jacob D. Fuchsberg* with him on the brief; *Cohen & Fuchsberg,* attorneys), for respondents.

*Per Curiam.* Defendant appeals from a judgment obtained against him for brokerage commissions. One question is whether the relationship between plaintiffs and defendant was that of joint adventurers, or of employer and broker on a commission basis. A related question is whether, even in the latter event, defendant agreed to pay commissions to plaintiffs unless the contract of sale was performed.

Defendant contracted on March 17, 1949, to sell 1,000 net tons of beef to plaintiffs, to be shipped from Mexico, for the account of purchasers in Israel. Although the sales memorandum was addressed to plaintiffs, it is conceded that the purchasers in Israel were the real principals in the transaction. Defendant, without fault of his own, was unable to procure the beef for shipment due to an embargo by the Government of Mexico.

Plaintiffs' recovery is based upon a separate agreement, whereby plaintiffs and defendant were to divide equally the profit to be derived by defendant from this sale, and from other contemplated transactions. The result reached at the trial depends upon construing the last-mentioned agreement so as to provide that plaintiffs were employed by defendant to procure persons ready, willing and able to purchase from defendant, and that plaintiffs were to be paid for such services in the amount of one half of what defendant's net profit would be, regardless of whether beef could be delivered from Mexico. We think that the trial court erred in permitting the jury to place this construction upon the agreement, and that it contemplates a joint venture as matter of law. At least, it does not contemplate that plaintiffs shall be paid one half of a net profit which never would accrue, in the absence of fault by defendant.

The evidence concerning the nature of the agreement sued upon is documentary, and consists of a letter from defendant to plaintiffs dated March 30, 1949, which plaintiffs accepted in writing. This letter reads as follows:

'' This represents the understanding between us:

'' We are to proceed to Mexico for the purpose of contracting to purchase 1000 net tons of 2000 lbs. each of bone-in-beef, as per the memorandum between us of today.

'' It is our agreement with you that the difference between the gross proceeds of the Letter of Credit and the applicable expenses shall constitute ' net profit ' and shall be divided equally between yourselves and ourselves, such division to be made at the time the proceeds of the Letter of Credit are made available to us.

'' In the event there will be turned over to· us the contracts heretofore entered into by Maisel and or his associates for the purchase of beef in Israel, we agree that any profits made by us on such contracts will likewise be divided equally between yourselves and ourselves.''

The oral testimony supplementing this writing, relates to conversations concerning the nature of the expenses to be deducted in computing the net profit. These conversations do not otherwise aid in the construction of this agreement.

The correct interpretation of this letter is that plaintiffs and defendant would pool their efforts in consummating this transaction, and divide the profits, in the same manner in which they would divide any profits which might accrue to them in the Maisel transactions in event that the Maisel contracts were

turned over to them. The rule does not apply to these facts that brokerage commissions are earned merely for procuring a purchaser ready, willing and able to buy on a basis approved or to be approved by the seller. This rule applies only to the conventional brokerage relationship, and gives way where a different arrangement has been agreed upon expressly or by implication between the parties. (*Fuller* v. *Bradley Contr. Co.*, 229 N. Y. 605.) In *Colvin* v. *Post Mtge. & Land Co.* (225 N. Y. 510, 516) it was said that " by their contract the parties may vary this rule to any extent."

The absence of a condition in the contract of sale to the purchasers in Israel, excusing defendant from performance in event of governmental embargoes, would be relevant in an action by the purchasers against defendant for breach of that contract, but it does not concern whether, in the agreement between plaintiffs and defendant, the latter promised to divide with plaintiffs a hypothetical profit unless it were actually to accrue.

Defendant was not responsible for the imposition of the Mexican embargo. Defendant being free from fault, the intention of this agreement was, at the least, not to vest in plaintiffs one half of a net profit if it were not to be realized.

The judgment appealed from should be reversed, with costs to appellant, and the complaint dismissed, with costs. The appeals from the orders imposing terms upon the granting of defendant's motion to amend the amended answer, should be dismissed.

PECK, P. J. and BREITEL, J. (dissenting). We dissent and vote to affirm, on the ground that the nature of the relationship between the parties — employer and broker or joint venturers — was ambiguous on the documents. The trial court properly submitted the question to the jury and the jury decided that a brokerage relation was involved. As a matter of fact no Mexican embargo was proved and the tendered evidence was inadequate to establish the fact, assuming it was admissible. Indeed, it was inadmissible under the law in this State, so recently applied in *Vanetta Velvet Corp.* v. *Kakunaka & Co.* (256 App. Div. 341). That rule of law is to the effect that impossibility of performance because of foreign law is no excuse in the law of contracts.

DORE, CALLAHAN and VAN VOORHIS, JJ., concur in *Per Curiam* opinion; PECK, P. J., and BREITEL, J., dissent, in opinion.

Judgment reversed, with costs to the appellant, and judgment is directed to be entered dismissing the complaint herein, with costs. Appeals from the orders imposing terms upon the granting of defendant's motion to amend the amended answer are dismissed. Settle order on notice.