Charles Margett, J.
In an action for separation the defendant has entered a general denial, including a denial of plaintiff’s allegation that the parties were married in Mexico City, Mexico, on April 17, 1958. By way of an affirmative defense defendant claims that at the time of the marriage between the parties alleged in the complaint, the plaintiff had another living husband from whom she had not been duly divorced since the purported decree obtained by her from said husband was void and of no force and effect.
Defendant now moves for summary judgment dismissing the plaintiff’s complaint on the basis of documentary evidence or official records which he claims sufficiently warrant the court, as a matter of law, in directing judgment in his favor (Rules Civ. Prac., rule 113, subd. 4) upon the grounds (a) that *249 neither the plaintiff nor her then husband was personally present before the First Civil Court of the Judicial District of Cauhtemoc, Apizaco, State of Tlaxcala, Republic of Mexico, and (b) in any event the parties were never married.
According to the defendant, the parties left New York on April 15, 1958 -at 11:16 p.m., and arrived in Mexico City at 4:35 a.m. on April 16, 1958. At about 12:30' p.m. of that day they went to an attorney in Mexico City, pursuant to previous arrangements, signed some papers, bought tickets for a flight to Acapulco, scheduled to leave the Mexico City airport at 3:30 p.m. of that day, rushed back to their hotel, packed their bags and returned immediately to the airport and took their flight to Acapulco, where they arrived an hour later. The defendant states unequivocally that neither plaintiff nor he went to the State of Tlaxcala in Mexico, where plaintiff “ supposedly obtained a purported decree of divorce dated the 15th day of April, 1958 * * ” which was one day before our actual arrival in Mexico City.
In a prior matrimonial action between the parties plaintiff alleged that the marriage took place on April 15, 1958 in Mexico City. She moved for temporary alimony and counsel fees and the defendant cross-moved to dismiss the complaint on the ground that the plaintiff did not have legal capacity to sue in that she was not his laAvful Avife. In denying the defendant’s motion to dismiss the complaint with leave to plead the facts upon Avhich the motion is based as a defense and referring the plaintiff’s motion to the trial court for determination, Mr. Justice Joseph M. Cohboy stated in his memorandum opinion dated November 17, 1958: “Whether a valid marriage exists between the parties to this action can be determined only on the basis of the proof as it may be adduced upon a plenary trial. Upon the papers now before the court, it appears that a final decree divorcing the plaintiff from a prior husband was rendered in one of the states of Mexico even before she set foot in that country.”
On December 6, 1958 plaintiff wrote a letter to her then attorneys, a copy of which Avas sent to the defendant’s attorney Avho also represents him in this action, in which she stated in part, “Judge Conroy says that it appears the divorce decree was granted before I set foot in Mexico, therefore I certainly could not have been married to Wm. Weiler. I do not Avish to continue this action because there seems to be little probability of success at this time. I feel my first endeavor should be to get my divorce from [the husband from whom the pur *250 ported decree of divorce was obtained] in a more proper & legal manner.44 On December 9, 1958 the defendant wrote the following letter to hie attorney: “With reference to a letter written by Nadine Weiler, my wife, this was completely erroneous since I, William E. Weiler, pressured her into writing this document by unfair and foul means. The letter I am referring to is the one written to Charles Rottenberg, with a copy sent to David E. Haber, Esq. Nadine Weiler, I hereby recognize as my lawful legal wife, and is entitled to all rights and privileges enjoyed by a legal wife in the State of New York.” The action was then discontinued.
According to the plaintiff the decree of divorce was obtained in the State of Tlaxcala, Mexico, was dated through a clerical error April 15,1958. She states:
“ Although we were supposed to be in Mexico City on April 15th, 1958 and to appear at the office of Jose L. Navarro, the attorney who was handling the divorce, because of plane delays, we actually appeared at his office on April 16th, 1958. All of the necessary papers had been prepared in advance for the 15th of April 1958 by Mr. Navarro, and, undoubtedly, this is where the clerical error occurred. Subsequently, when the existence of the error in the date of the decree Avas brought to my attention, I called this to the attention of the proper authorities and an amended decree was issued by the court, a copy of which is attached and marked Exhibit ‘ A ’.
“ After the execution of the necessary papers for the divorce and after the decree Avas issued, I Avas informed by Mr. Navarro that I was properly divorced and that there was no legal bar to my remarriage. On April 17th, 1958, in Mexico, both the defendant and I executed authorizations for the performance of a proxy marriage in the State of Tlaxcala, and, as a result thereof, on April 18th, 1958, a marriage certificate was issued in the State of Tlaxcala.”
It is the position of the defendant that the divorce decree, upon which plaintiff relies, was in fact a “ mail order ” decree, notwithstanding the recital therein of the plaintiff’s physical presence in the rendering State and the appearance by her then husband through a duly appointed attorney, since the plaintiff was not physically Avithin the jurisdiction of the State of Tlaxcala where the decree Avas rendered; that plaintiff’s presence in Mexico City,- which is in another State of the Republic of Mexico did not give the State of Tlaxcala in that country, jurisdiction to dissolve her prior marriage.
*251 The foregoing is supported by an affidavit of an attorney licensed to practice law in all the courts of the Republic of Mexico, to the effect that “ under the directives of the Code of Civil Procedure, and of the Civil Code now in force in the State of Tlaxcala, it is not possible for persons who are not actual and bona fide residents of the said State of Tlaxcala, for the six months immediately preceding the date on which the action is filed, to obtain a divorce in said State, and it is most certainly impossible for them to do so in one day.” It is further claimed on behalf of the defendant that the City of Apizaco, in the State of Tlaxcala, where the alleged divorce was granted, is approximately 100 miles away and two States removed from Mexico City; that because of rail and road conditions plaintiff could not have been in the City of Apizaco on April 16, 1958, in view of her flight from Mexico City to Acapulco at 3:30 lor. of that day, as described above.
Although the plaintiff has not submitted any countervailing affidavit of an attorney competent to attest to the law of the Republic of Mexico and particularly of the State of Tlaxcala, in which the purported divorce was granted, this court is not persuaded to accept the mere opinion of the Mexican attorney, submitted by the defendant, without translations of the text of the statutes relied upon and of authoritative decisions of the highest court of the State of Tlaxcala and of the Republic of Mexico. As was pointed out by Judge Froessel in Wagner v. Derecktor (306 N. Y. 386, 391-392), which likewise involved Mexican law, ‘ * since counsel have neither requested us to take judicial notice of the alleged embargo, nor made accurate information thereof available to us by appropriate reference or otherwise, we decline to exercise our discretion under section 344-a of the Civil Practice Act, and independently attempt to determine whether there actually was such an embargo; for the same reasons the courts below were not required to do so [Pfleuger v. Pfleuger, 304 N. Y. 148,152).”
In any event, whatever the final judgment in this case may be, the disposition of so serious a question as the marital status of the parties should not, under the circumstances here, be flung off summarily but “ the issue deliberately tried ” and plaintiff’s “ right to be heard in the usual manner of a trial protected.” ( Gravenhorst v. Zimmerman, 236 N. Y. 22, 38-39.)
' The motion is, accordingly, denied. Submit order.