■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN DONALD HALL, JR., Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Orange County, entered April 13, 1959 denying, without a hearing, his application to vacate a judgment of said court rendered April 30, 1957 convicting him, on his plea of guilty, of the felony of buying and receiving stolen property, and sentencing him to serve a term of five to seven and one-half years. A previous similar application had been denied by the same court after a hearing. Defendant relies on claims, among others: (1) that an Assistant District Attorney had promised him that, if he pleaded guilty, he would receive a suspended sentence; and (2) that the said District Attorney was guilty of acts directed to procuring the arrest and conviction of another person and of other acts directed to shielding still another person. Order affirmed. No opinion. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEONARD PERKINS, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Kings County, entered May 12, 1959, denying without a hearing his application to vacate a judgment of said court, entered October 26, 1953, convicting him, upon his plea of guilty, of manslaughter in the first degree, and sentencing him, *as a second felony offender,* to a term of 20 to 40 years. Defendant contends that he was improperly sentenced as a second felony offender. Order reversed on the law, and matter remitted to the County Court for a hearing on the issues and for such further proceedings thereon as may be proper. The District Attorney had filed an information pursuant to sections 1941 and 1943 of the Penal Law, accusing defendant of a previous conviction of the crime of manslaughter in the Superior Court of Wayne County, North Carolina. Defendant admitted that he was the same person as charged in the information. In his present petition defendant alleges that in North Carolina he was convicted of the crime of "involuntary manslaughter" which he asserts would not be felonious if committed within this State. We are unable to determine from this record whether or not the crime of which the defendant was convicted in North Carolina would, if committed within this State, constitute a felony (cf. *People* v. *Olah,* 300 N. Y. 96). The facts with respect to his North Carolina conviction are in dispute, and if it be assumed that he was convicted of involuntary manslaughter, we have been referred to no statute of North Carolina defining that crime. The judicial authorities submitted are, in our opinion, not sufficient, under the circumstances of this case, to warrant us in taking judicial notice of the North Carolina law (cf. *Pfleuger* v. *Pfleuger,* 304 N. Y. 148, 152; *Wagner* v. *Derecktor,* 306 N. Y. 386, 391–392). Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROLAND PITTS, Appellant.— Appeal by defendant from a judgment of the County Court, Queens County, rendered May 10, 1957, convicting him of manslaughter in the first degree, and sentencing him to serve a term of 7½ to 15 years, and an additional term of 5 to 10 years for being armed. Judgment affirmed. No opinion. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.