■ ROUTE 300 CORP., Appellant, v. CHESTER J. BROWN et al., Respondents. — In an action by the remote assignee of the vendee under an installment contract for the purchase of approximately 16½ acres of land, against the vendors (who have conveyed the property to others), to recover damages for breach of the contract, the plaintiff appeals from an order of the Supreme Court, Orange County, dated October 2, 1962, which dismissed the amended complaint as patently insufficient. Order reversed, with $10 costs and disbursements, and motion denied. Defendants' time to serve their answer is extended until 20 days after entry of the order hereon. The Special Term granted the motion upon the ground, *inter alia*, that the amended complaint pleads neither an excuse for plaintiff's failure to make or to tender certain quarterly installments due under the contract, nor any waiver by the defendants of such payments. The contract, dated April 15, 1956, which is annexed to the amended complaint, contained a clause which provided for the delivery by the defendant vendors, under certain contingencies, of deeds for one-half acre parcels upon the payment to them by the vendee of $500 for each half acre, such payments to be applied upon the quarterly payments of $1,000 payable through 1958. The amended complaint alleges *inter alia* that, at the time of the assignment to plaintiff's assignor (Jan. 17, 1958), the exact amount due to the defendants was unknown to the parties to the assignment; that in order to induce the plaintiff's assignor to assume its obligations under the assignment agreement, the defendants represented to the assignor that they would furnish it with such information; that, although such information was duly demanded, the defend-

ants never furnished it; that as a consequence plaintiff and its assignor could not determine whether any money was due or was required to be paid to the defendants; and that plaintiff and its assignor have duly performed all the terms of the contract on their part to be performed, except that they do not know whether they have in fact paid the full consideration. Where, as here, the legal sufficiency of a pleading has been challenged, we accept as true its material allegations of fact and the reasonable inferences therefrom (*Garvin* v. *Garvin*, 306 N. Y. 118, 120). Since defendants, by their representation to plaintiff's assignor, induced it to assume its obligations under the assignment agreement, the defendants were under a duty to furnish the information in question. But by their own wrongful conduct in refusing to do so they have prevented plaintiff and its assignor from full performance with respect to payment of the consideration (assuming that there is an unpaid balance). Hence, the defendants cannot be heard to complain of such nonperformance (*Wagner* v. *Derecktor*, 306 N. Y. 386, 391; *Imperator Realty Co.* v. *Tull*, 228 N. Y. 447, 457). As the amended complaint sufficiently pleads either full performance or an adequate excuse for nonperformance, it alleges a cause of action (*Brakarsh* v. *Brown*, 162 Misc. 412, 415; 3 Carmody-Wait, New York Practice, p. 575). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.