Joseph A. Macchia, J.
This is an action 'brought to recover brokerage commissions. The agreement provided that a commission of $5,000 would be payable if two conditions occurred: first, that pending litigation be determined in favor of defendant, and, second, that defendant be permitted to construct a multiple dwelling ‘ ‘ in accordance with plans submitted. ’ As there was a favorable determination of the lawsuit, the liability to pay the commission became singularly contingent upon the second condition.
Since performance of this contingency was thwarted by the City of Yonkers’ refusal to accept the plans as originally submitted, the issue is whether defendant’s failure to challenge the municipality’s decision by way of an article 78 proceeding was sufficient to avoid the condition precedent.
In order to exclude the defense of the nonperformance of the condition precedent, it is incumbent upon plaintiff to establish that the failure of consummation was attributed solely to the defendant’s fault (O’Connor-Sullivan v. Otto, 283 App. Div. 269, 271), wrong (Wagner v. Derecktor, 306 N. Y. 386, 391) lack of good faith (Burkard v. Midvale Estates, 41 Misc 2d 504, 509), or refusing to perform his obligations (Stern v. Gepo Realty Corp., 289 N. Y. 274, 277). Waiver of the condition upon which the payment of commissions depends, occurs only where defendant’s conduct actually hinders or interferes with its performance and not where he merely is passive (Grad v. Roberts, 14 N Y 2d 70, Wagner v. Derecktor, supra, Amies v. Wesnofske, 255 N. Y. 156).
In the instant ease, the evidence cannot support the contention that plaintiff’s rights under the brokerage agreement were frustrated or qualified by defendant’s conduct. Though a defendant could be held accountable and his actions considered a waiver of the condition precedent where he refuses to cure a defect (Levy v. Lacey, 22 N Y 2d 271, 276), we do not agree that this requires the bringing of an article 78 proceeding. The failure to actively engage in suit in order to remedy obstacles to performance, even where the outcome of litigation seems favorable, is not a manner contemplated to cure defects (Amies v. Wesnofske, supra, Levy v. Lacey, supra).
The condition upon which payment was made to depend, not having been performed and there being no evidence of its waiver, the complaint is dismissed as to both defendants.
*27 Furthermore, upon the proof submitted, there being nothing to suggest that Mr. Kellner was acting outside the scope of his authority as agent for Refco Facilities Corp., the court is constrained to dismiss the complaint against him on these grounds as well.